**FILED**

MAR 2 5 2016

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS

## FOR THE DISTRICT OF COLUMBIA

Eric M. & Michelle Y. Josephs

3117 Brickettwood Terrace

Amissville, Virginia 20106

Tele. No. 540.522.7686

**Plaintiff (Pro Se)**

Case: 1:16–cv–00566  Jury Demand
Assigned To : Chutkan, Tanya S.
Assign. Date : 3/25/2016
Description: Pro Se Gen. Civil  (F Deck)

Vs.

United States Department of Homeland Security

Washington, DC

        Defendant

        Serve the following:

Office of the Attorney General

245 Murray Lane,

Mail Stop 0485

Washington DC 20528-0485

Attn. General Law

**Defendants**

**RECEIVED**

MAR 2 5 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

## PLAINTIFF'S CLAIM FOR PROPERTY DAMAGES:

**Background:**

Plaintiff in an effort to mitigate costs to the Government has handled this case as pro se and filed this complaint with the United States Courts for the District of Columbia and served defendant as required.  At the hearing Plaintiff was informed that the complaint should be filed with this court.  The District Court has allowed Plaintiff to file in the pertinent court by dismissing without prejudice.  Please see the attached EXHIBIT – A from the court docket.

**COMES NOW** the plaintiff, **Eric M and Michelle Y Josephs, Pro se, and moves this Court to file a claim for property damages and in support thereof states:**

# EXHIBIT – A

D.C. Courts Home

## Court Cases Online

**Click here to view search criteria**

Case Search for Person: JOSEPHS, ERIC

Search retrieved 6 cases in less than a second.

**Click here to view search results**

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

**Click here to view case summary**

| 2015 CA 009510 B: JOSEPHS, ERIC M., et al. Vs. UNITED STATES DEPARTMENT OF HOMELAND SECURITY | |
|---|---|
| Case Type: Civil II | File Date: 12/09/2015 |
| Status: Closed | Status Date: 12/09/2015 |
| Disposition: Dismissed-By Court | Disposition Date: 03/11/2016 |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| JOSEPHS, ERIC M. | | Plaintiff | PRO SE |
| JOSEPHS, MICHELLE Y | | Plaintiff | PRO SE |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY | | Defendant | |

| Docket Date | Description | Messages |
|---|---|---|
| 03/11/2016 | Dismissed by Court | Dismissed by Court for lack of jurisdiction. |
| 03/11/2016 | Event Resulted: | Event Resulted:<br>The following event: Initial Scheduling Conference-60 scheduled for 03/11/2016 at 9:30 am has been resulted as follows:<br><br>Result: Scheduling Conference Hearing Held. CourtSmart(219). Case called. Plaintiffs present only. The court informs the plaintiffs that this case falls under the Federal Tort Claims Act. Since this Court does not have jurisdiction, the case is dismissed without prejudice. No order filed. tcd/jrb<br>Judge: BECK, RONNA L Location: Courtroom 219<br>ERIC M. JOSEPHS (Plaintiff); MICHELLE Y JOSEPHS (Plaintiff); ; Judge RONNA L BECK |
| 02/05/2016 | Proof of Service | Proof of Service<br>Method : Service Issued<br>Issued : 12/09/2015<br>Service : Summons Issued<br>Served : 01/19/2016<br>Return : 02/05/2016<br>On : UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>Signed By : Karl Lusby<br><br>Reason : Proof of Service<br>Comment :<br><br>Tracking #: 5000167792 |
| 02/05/2016 | Affidavit of Service of Summons & Complaint on | Affidavit of Service of Summons & Complaint by Certified Mail<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY (Defendant); |
| 12/09/2015 | Service Issued | Issue Date: 12/09/2015<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>245 Murray Lane<br>Mail stop 0485<br>WASHINGTON, DC 20528<br>Tracking No: 5000167792 |
| 12/09/2015 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 03/11/2016 Time: 9:30 am<br>Judge: BECK, RONNA L Location: Courtroom 219 |
| 12/09/2015 | Complaint for Destruction of Private Property Filed | Complaint for Destruction of Private Property Filed.<br>Attorney: PRO SE (999999)<br>ERIC M. JOSEPHS (Plaintiff); Receipt: 326455 Date: 12/09/2015 |

| Receipt # | Date | From | Payments | Fee | Amount Paid |
|---|---|---|---|---|---|
| | | | | | |

| Receipt # | Date | From | Payments | Fee | | Amount Paid |
|---|---|---|---|---|---|---|
| 326455 | 12/09/2015 | PRO SE | Cc | $120 00 Cost | $120 00 | $120.00 |

1. The case arose when plaintiff's property in the District of Columbia, identified as Square 5867, Lot 0237 and located at 2601 Martin Luther King Jr. Ave. S.E. Washington, DC 20020 suffered a major (structural) casualty on March 13, 2012 (source - reported by HLS - - **EXHIBIT -1**) resulting from a car accident by the Department of Homeland Security (HLS) -- Defendant.

2. In this case, Plaintiff's requesting a Hearing wherein we will make the following proffer, or show the following evidence:

    i.   Defendants were engaged in administrating the U.S. Homeland Security (HLS) Claim Damages Program.

    ii.  On March 13, 2012 Plaintiff's property located at 2601 Martin Luther King Jr. Avenue S.E. Washington DC 20020, was damaged by a HLS vehicle that got out of control, ran off the road way, across the sidewalk and into the side of the property. The speed and impact of the vehicle ran along the side of the edifice and damaged the foundation walls in several places. **EXHIBIT - 2** - - shows the damage resulting from the impact of the vehicle to the edifice to which repairs are required.

    iii. Plaintiff in an attempt to seek restoration for the damage began to investigate and eventually learned that the damage was a result of a Department of HLS vehicle. A contact was traced to a Mr. Royster Martin who became the point of contact.

    iv.  The hole in the foundation wall resulting from the damage was covered with plywood. Plaintiff later learned that the work to cover the damage was performed by the DC Vacant Property Office at the request of the Department of HLS.

    v.   Unfortunately, Defendant did not seek to locate Plaintiff to initiate the restoration of the damage, which could have been done by obtaining Owner contact inform from the District of Columbia Real Property Office.

    vi.  Thirteen (13) months after the damage to Plaintiff's Property the HLS Contact Mr. Royster Martin forwards the process for Plaintiff to recover damages, but only after acquiescing on the information forwarded two (2) months earlier. **EXHIBIT - 3.**

2

vii.     Plaintiff was required to obtain two (2) contractor's proposal to meet conditions for compensation and had extreme difficulty in locating contractors willing to work in the Anacostia Neighborhood.

viii.    Plaintiff after fourteen (14) Months secured the required information and forwarded the proposal for compensation in the amount of $44,075.00.  **EXHIBIT – 4.**

ix.      The Department of HLS denied the claim as submitted for $44,075.00 on the premise that the claim was submitted after two (2) years from the accident.  As noted in the June 16, 2015 letter -- *"The FTCA specifically requires that claims be filed within two years of the cause of action"*.  **EXHIBIT – 1.**

x.       Plaintiff contends that Defendant acted unreasonable, as Defendant's are fully knowledgeable of the two (2) year limitation and took over one (1) year which is more than fifty-percent (50%) of the specified time to furnish the process of compensation to Plaintiff.  Further, the area in which Plaintiff's property is located is a high-crime-area presenting hardships to find responsible contractors for the project.

xi.      Plaintiff further contends that Defendant should have made amends and/or compensation - - for Defendant's delay of over half the allotted time - - in furnishing documentation for compensation and shall consider Plaintiff's hardship in obtaining responsible contractors for the crime-ridden neighborhood. Further, it is customary to obtain engineering analysis and contract documents/drawings to furnish pricing and reducing contractor's liability which could not be done in the remaining timeframe.

xii.     Based on the abovementioned, Plaintiff argues that the evidence proffered does demonstrate that Defendants were engaged in conduct so reckless or wanting in administrating the U.S. Homeland Security (HLS) Claim Damages Program so as to constitute malice or fraud and a conscious disregard or indifference to the rights of the Plaintiff.

3

Accordingly, as there is evidence as recorded that Defendants engaged in gross negligence, and where Defendants knew or ought to have known that their conduct presented a grave and willful disregard for the rights of the Plaintiff over these thirteen (13) months - - March 13, 2012 time of the accident, to April 18, 2013, claims form sent to Plaintiff - - the issue of punitive damages is proper for submission pursuant to The Standardized Civil Jury Instructions for the District of Columbia No. 16.01[1].

**WHEREFORE**, Plaintiffs move this Court to file this Complaint and to award Plaintiffs including in same a claim for restoration cost of $44,075.00 and punitive damages of Two Million Dollars.


_____

Eric. M. Josephs, Owner - Pro Se


_____

Michelle Y. Josephs, Owner – Pro Se

# EXHIBIT – 1

HLS Denial Letter dated June 16, 2015.

(Shows date of accident as March 13, 2012.)

Office of the General Counsel
**U.S. Department of Homeland Security**
Washington, DC 20528



**U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Eric M. Josephs
3117 Bricketwood Terrace
Amissville, VA  20106

JUN 18 2015

Re:    Administrative Claim No. 172-FPS-14, Eric Josephs

Dear Mr. Josephs:

Under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C, §§ 1346(b), 2671-2680, I considered your claim in the amount of $44,075 for property damages that you alleged occurred on an unknown date in June of 2012 at the intersection of Sumner Road NE and Martin Luther King Avenue SE in Washington D.C.  After careful consideration, the claim is denied.

The applicable provisions of the FTCA provide for the payment of claims that arise from the negligent acts or omissions of employees of the federal government, acting within the scope of employment.  The FTCA specifically requires that claims be filed within two years of the cause of action.  28 U.S.C. § 2401.  Official records report the date of the incident to have occurred on March 13, 2012.  Your claim for damages was not received by this office until May 28, 2014, which exceeds the two-year period prescribed by the statute of limitations of the FTCA.  While the recent U.S. Supreme Court decision of *U.S. v Wong*, 135 S. Ct. 1625 (2015) provides for the application of equitable tolling to the FTCA statute of limitations, there is no evidence to suggest that tolling would be applicable to your claim.

If you are dissatisfied with this decision, you may file suit in an appropriate United States District Court not later than six months after the date of mailing of this letter.  28 U.S.C. § 2401(b).  In the alternative, you may request reconsideration of the claim by the Department of Homeland Security but you must do so prior to the expiration of the six month period for filing suit.

Upon the timely filing of a request for reconsideration, the agency shall have six months from the date of filing in which to make a final disposition of the claim and the time for filing suit under 28 U.S.C. § 2675(a) shall not accrue until six months after the filing of a request for reconsideration.

Sincerely,

Neal Swartz
Associate General Counsel for General Law

# EXHIBIT – 2

Photos – six (6) each













# EXHIBIT – 3

Claims Form forwarded April 18, 2013 – 1 page.

**Josephs, Eric M**

**To:**        amissville@comcast.net
**Subject:**   RE: Re: SF 95

From: amissville@comcast.net
To: Royster H Martin <Royster.H.Martin@hq.dhs.gov>
Sent: Sat, 27 Apr 2013 20:27:02 -0000 (UTC)
Subject: Re: SF 95
..............please note that this will take a little time, as I need to have contractors to visit site and furnish estimates in order to forward to you.

**From:** "Royster H Martin" <Royster.H.Martin@hq.dhs.gov>
**To:** amissville@comcast.net
**Sent:** Thursday, April 18, 2013 10:59:46 AM
**Subject:** FW: SF 95

Sorry for the delayed response.

**From:** Keith, Kent J
**Sent:** Tuesday, February 19, 2013 9:37 AM
**To:** Martin, Royster H
**Subject:** SF 95

Royster, I have attached the SF 95. It should be filled out by the claimant and mailed to Dept. of Homeland Security, Office of the General Counsel, Attn: General Law, 245 Murray Lane, Mail Stop 0485, Washington DC 20528-0485.

Kent

Kent J. Keith

Attorney Advisor for Federal Protective Service

Office of the General Counsel

202-732-8011

202-603-0992 (cell)

# EXHIBIT – 4

Claims Form with repair cost – 7 pages.

3117 Brickettwood Terrace

Amissville, Va. 20106

**May 27, 2014**

Subject:     2601 Martin Luther king Jr. Avenue, SE Washington, Dc 20020.

             Repair Cost for Damage by the Department of Home-Land Security Vehicle – June 2012.

Mr. Royster:

As requested in your earlier e-mail, below and attached are the two (2) costs for repairs to the above referenced subject and is as follows:

| | | | |
|---|---|---|---|
| 1. | **Hughes & Assoc. Inc.** | Construction Repair Cost | $24,814.41 |
| | - | Contingency Cost 20% | $ 4,963.00 |
| | - | Project Sub-Total | $29,777.00 |
| | - | Project Management fees    21% | $ 6,253.00 |
| | - | **Project Total** | **$ 36,030.00** |
| | | | |
| 2. | **Prince Constr. Co. Inc.** | Construction Repair Cost | $27,855.00 |
| | - | Engineering fees (est.) | $ 2,500.00 |
| | - | Sub-Total | $30,355.00 |
| | - | Contingency Cost 20% | $ 6,071.00 |
| | - | Project Sub-Total | $36,426.00 |
| | - | **Project Management fees   21%** | **$44,075.00** |

Please note that the contingency cost is required to cover unforeseen expenses and/or fees as always occur on projects. The Project management fee is required to coordinate all interface and administrative cost with the contractor from the start to the conclusion of the project.

Should clarification be required I can be reached by e-mail on Amissville@comcast.net.  The cost of $44,075.00 is a more comprehensive cost to complete the project, remittance is to be made to the owners as follows:  Eric and Michelle Josephs, 3117 Brickettwood Terrace, Amissville, Va. 20106.

Sincerely,

Eric M. Josephs                                    Michelle Y. Josephs

Attachments:        Construction Repair Proposal – Hughes Assoc. Inc.

                    Construction Repair Proposal - Prince Constr. Co. Inc.

Standard Form – 95:  Claim for Damage, Injury or Death.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| Department of Homeland Security | Eric M. Josephs<br>3117 Brickettwood Terrace<br>Amissville, Va. 20106 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>07/26/1954 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>June 2012   Not Sure | 7. TIME (A.M. OR P.M.)<br>AM |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

A Homeland Security (HLS) vehicle was pursuing a bandit's car on Sumner Place SE, heading East bound. The HLS vehicle got out of control, hit the curb and cross the property line at 2601 Martin Luther King Jr. Ave. SE (located on corner with Sumner Pl. SE) and hit the side of existing house in at lease 4 locations starting in the rear-side and proceeding to the front-side. This resulted in structural damage to the external supporting wall along the length and caused a large hole in one location.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Eric and Michelle Josephs -- Address same as claimant

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Residential property at 2601 MLK Jr Ave. SE.  External side supporting wall has structural damage.  Inspect at address.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

No personal injury.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Mr. Royser | Dept. Of Homeland Security |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 44,075.00 | 0.00 | 0.00 | 44,075.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signatures]* | 540.522.7686 | 05/27/2014 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

No Insurance

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims generated under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.



**Hughes & Associates, Inc.**
*Quality, Service and Craftsmanship*

Date: 06/24/13
Estimate #: 1001rev1
Customer ID: M_Josephs

| | | |
|---|---|---|
| To: | | House Phone: |
| Client: | Mike Josephs | Office Phone: |
| Addr: | 2601 Martin Luther Kink Jr. Ave SE | Cell Phone: 540-522-7686 |
| | Washington, DC 200 | Other Phone: |
| Email: | amissville@comcast.net | |

| V. Gilkes | Structural Repairs | Phase Payments | | |
|---|---|---|---|---|

### Prep Work:

| | | | | |
|---|---|---|---|---|
| 1 | 1 | Labor: Prep work required in multiple areas where work is to be performed. Property is in bad shape and this may not be required. | N/A | N/A |
| 2 | 1 | Materials: Property is in bad shape and this may not be required. | N/A | N/A |
| | | | Taxes: | |
| | | | Prep Work: | |

### Shoring Work:

| | | | | |
|---|---|---|---|---|
| 3 | 1 | Labor: Estimated: To shore interior of property joists - approximately 45' - to support existing floor joists for removal of damaged baseplate. (Basement height and anticipated to be between 6' and 8' in height) Price includes removing shoring. | 950.00 | 950.00 |
| 4 | 1 | Materials: Shoring materials: Wood and related bracing etc... | 450.00 | 450.00 |
| 5 | 1 | Labor: Estimated: May have to jack up side wall of house in order to remove base-plate and replace. Estimated at $750-$850 | 450.00 | 450.00 |
| 6 | 1 | Labor: Estimated: To shore exterior of property exterior wall to replace existing masonry wall - approximately 45'. | 650.00 | 650.00 |
| 7 | 1 | Materials: Shoring materials: Wood, jack-use, etc... | 390.00 | 390.00 |
| | | | Taxes: | 50.40 |
| | | | Shoring Work: | 2,940.40 |

### Framing Repairs:

| | | | | |
|---|---|---|---|---|
| 8 | 1 | Labor: Cut sections of baseplate off and replace with new (assumes pressure treated 4"x6" wood); Install bolts to attach baseplate to masonry wall. | 725.00 | 725.00 |
| 9 | 1 | Materials: Base plate, halti bolts, halti - epoxy, etc... | 214.00 | 214.00 |
| 10 | 1 | Labor: Remove existing crack joist (up to 2); assumes 2x10 or 2x12's max to a span of 15' max. | 200.00 | 200.00 |
| 11 | 1 | Materials: (2) pressure treated 2x12's, etc | 110.00 | 110.00 |
| 12 | 1 | Labor & Materials: Additional work may be required that is not visible in first site visit. | TBD | TBD |
| | | | Taxes: | 19.44 |
| | | | Framing Repairs: | 1,268.44 |

### Masonry Work:

| | | | | |
|---|---|---|---|---|
| 13 | 1 | Labor: Remove approximately 45' of masonry wall (2 courses wide x 3ft tall or approximately 200 sq ft.)  To be removed in 8 sections of 5' lengths. | 750.00 | 750.00 |
| 14 | 1 | Labor: Footer repair / re-install (This may be required) Remove existing footer. Dig out dirt for a 2' wide by 18" tall by 45' long footer | 950.00 | 950.00 |
| 15 | 1 | Materials: Concrete and rebar, forms, etc... (up to 5 cubic yards) | 1,420.00 | 1,420.00 |
| 16 | 1 | Labor: Install new masonry wall approximately 45' of masonry (2 courses wide x 4ft tall or approximately 360 sq ft ) to be installed in 8 sections of 5' lengths. | 3,900.00 | 3,900.00 |
| 17 | 1 | Materials: Basic red bricks or cinder blocks and mortar, etc... | 2,100.00 | 2,100.00 |
| 18 | 1 | Labor: Parging (if required) $990 | 990.00 | 990.00 |
| 19 | 1 | Materials: Parging (if required) $290 | 290.00 | 290.00 |
| 20 | 1 | Labor: Front corner repair - (just repair - no footers or rebuild) | 390.00 | 390.00 |
| 21 | 1 | Materials: Mortar and brick repair of corner  (use existing masonry and mortar and corner parging) | 220.00 | 220.00 |
| | | | Taxes: | 241.80 |
| | | | Masonry Work: | 11,251.80 |

### Siding Work:

| | | | | |
|---|---|---|---|---|
| 22 | 1 | Labor: Repair siding section. (May be able to be performed using metal flashing since metal siding is not found these days) Estimated: | 350.00 | 350.00 |
| 23 | 1 | Materials: Metal flashing, etc... | 150.00 | 150.00 |
| | | | Taxes: | 9.00 |
| | | | Siding Work: | 509.00 |

### Project Management:

| | | | | |
|---|---|---|---|---|
| 24 | 10 | Labor: Time related to working with client to further define scope, design and material selection (Estimated at $75 per hour for a minimum of 4 hrs) Each site meeting is a min of 1.25 hrs of time. | 79.00 | 790.00 |
| | | | Project Management: | 790.00 |

### Plans, Permits & Inspections:

| | | | | |
|---|---|---|---|---|
| 25 | 1 | Plans are required for performing this repair work. (Does not include structural review / stamp if required) | 1,250.00 | 1,250.00 |
| 26 | 1 | Plans are required for structural and footer work. (Does not include structural review / stamp if required) | 550.00 | 550.00 |
| 27 | 1 | Building Permit:  Estimated: | 390.00 | 390.00 |
| 28 | 1 | Building Permit Running: | 250.00 | 250.00 |
| 29 | 0 | Inspections: Can be provided through the city. They can also be provided by a 3rd party company if speed and flexibility is desired or required | Incl | Incl |
| 30 | 0 | Structural Engineering: If a structural engineer is required to review or confirm work and provide a written report - this cost is additional. (Estimated at $750 for site visit and report) | | |
| | | | Plans, Permits & Inspections: | 2,440.00 |

## General Items:

| | | | | |
|---|---|---|---|---|
| 31 | 1 | Misc Materials (Blades, nails and other mats used on for this project purchased and or used from stock) | 95.00 | 95.00 |
| 32 | 1 | Equipment charges: Concrete saw, jack hammer, concrete vibrator, hammer drill, etc | 150.00 | 150.00 |
| 33 | 1 | Trash Disposal: For project debris (all construction material to be removed throughout construction. Dumpster to be located on property  If required to be installed on the street an additional cost is for obtaining permit, etc…) Dirt from footer digout to remain on property - unless requested as a seperate service | 550.00 | 550.00 |
| 34 | 1 | Parking or Public Space costs related to dumpster location if not on-site. Parking for 1 car  is required for crews. | TBD | TBD |
| 35 | 1 | Delivery Fee (Gas Surcharge for material pickup, etc…) | 100.00 | 100.00 |
| | | | General Items: | 895.00 |

## Contractor Fees:

| | | | | |
|---|---|---|---|---|
| 36 | 1 | G&A fee 5% (regularly 8%): Covers administrative costs, Insurance, Etc.. Reduced from 6% | 1,004.73 | 1,004.73 |
| 37 | 1 | Contractor Fee 18% (regularly 20%) Reduced from 20%. | 3,617.04 | 3,617.04 |
| | | | Contractor Fees: | 4,621.77 |

*\* Estimate valid for 65 days and Is always subject to architectural plan verification, site walk-thru and material selection clarification and any other issues not visible prior to construction or not clarified on plans.  This only includes the work above. Additional work is separate. Material costs are estimates and will be billed to client if different from estimate were stipulated. Work behind walls and floors may require change in scope. Third party inspections are additional if requested. Any custom cabinetry will be estimated separately.*

Start Time:_____ - Completion Time:_____

*Optional Incentive: $_____   Bonus if completd on time; $75 penalty for every day late. Max penalty $_____ .00 (Requires clarification)*

| Estimated time to complete project: 10-21 days from start date. Depending on client plans/details, material availability, weather and interior system conditions upon demo, etc… | | |
|---|---|---|

| | | |
|---|---|---|
| Subtotal | $ | 24,716.41 |
| Sales Tax (Mats only): | | - |
| Grand Total | $ | 24,716.41 |
| EPA Test (Work Practices TBD): | | 98.00 |
| | | |
| Grand Total: | $ | 24,814.41 |

Note:   *This estimate is subject to plan/client confirmation prior to contract acceptance. Does not include work that is not evident at the time of contract execution related to ground or wall conditions, structural clarification of design, etc.*.

*Payment Process: Multiple phase pmts - 30% start and then payments upon completion of major phases*
Make all checks payable to *Hegh & Associates, Inc.*

### Thank you for your business!

P.O. Box 26342 NW, Washington, DC 20001  703-675-5051 (o) 703-882-3918 (f) carlos@h3renovations.com

## EPA Lead Guidelines: As of 4/22/10

| Reqd1 | 4 | Labor: Testing related to the presence of lead for house built before 1978.  If not performed, then house is assumed to have lead and require additional lead prevention methodology. | 24.50 | 98.00 |
|---|---|---|---|---|
| Reqd1 | 0 | Labor: Additional work for lead prevention practices for around doors and windows for kitchen area. | 425.00 | |
| Reqd1 | 0 | Materials: Additional costs for plastic, tape, trash bags, sterile wipes, floor wipes, HEPA filters, etc.. required for lead prevention. | 250.00 | |
| Reqd1 | 0 | G&A fee 4% (regularly 5-8%) - General and Administrative o/h ahead, insurance, etc. (Reduced from 7%) | 3.92 | |
| Reqd1 | 0 | Contractor Fee 15% (regularly 20-25%) (Reduced from 20%) | 14.70 | |
| | | | Tax: | |
| | | | | 98.00 |



# PRINCE CONSTRUCTION COMPANY, INC.
### 1111 Good Hope Road SE, Washington, D.C. 20020
### Phone: 202-889-5050, Fax: 202-610-4497

April 17, 2014

Mr. Mike Josephs
2601 MLK Jr Ave SE
Washington DC 20019
540-522-7686
amissville@comcast.net

**RE: 2601 MLK Jr Ave SE Washington DC.**

Prince Construction Company, Inc. is glad to submit the following proposal for the above referenced project.

**SCOPE OF WORK:**

1. **Remove damaged brick wall and replace with block wall.**
   -Excavation and demolition as required until the existing footing; L wall approx. 40 feet.
   -New concrete block wall incl concrete infill.
   -New wood beam on the new concrete block wall.
   -Backfill as required.
   -Debris removal.

**The total cost for this work is $27,855.00 that includes all labor, materials, equipment, and necessary tools to complete the work as stated above and shown on your sketch.**

Assumptions:
1. **Owner to provide foundation study for existing cracked walls and structural design for new work including construction specifications and/or recommendations before starting any work. The Foundation drainage system to be included in the structural design as well.**
2. **No work to be done on the other three existing structural brick walls.**
3. **Work to be done according structural design and specifications provided by owner.**
4. **This Proposal is estimated by using new concrete block per owner request.**

Standard Exclusions:

1) All fees, bonds, permits, inspections, fines, levies, testing, tap fees, shut off fees, road closure fees or permits, and/or all associated costs.
2) Handling, Excavating, hauling, or disposing of any type of hazardous/contaminated material or associated items.
3) Asbestos demolition and/or removal.
4) Electric, telephone, and gas utility work.
5) Structural Design and/or any design.
6) Footing demolition.
7) Professional Engineering services.

Payment terms:

Payments shall be due per the contract of Prince Construction Company, Inc. invoice for work performed, and received by PCC but in no case later than 15 calendar days after date of receiving the invoice. Payments not received subject to a 1.5% service charge of total due per day.

This proposal is valid for 30 days.

Proposal based on normal working hours **(7:00 A.M. to 3: 30 P.M. Monday thru Friday)** with free onsite access to and from the installation location during these hours for all work and deliveries.

Should you have any questions, please do not hesitate to contact me @ (202) 889-5050.

Best regards,

Herber Beltran
Estimating Department